*In re* FORFEITURE OF ONE 1991 HARLEY DAVIDSON MOTORCYCLE, VIN No. 1HD1BML17MY030919 (The People of the State of Illinois, Petitioner-Appellant, v. Robert E. Siddens, Respondent-Appellee).

Third District   No. 3—92—0020

Opinion filed November 5, 1992.

558

SLATER, J., dissenting.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and James L. Overholt, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The State filed a petition seeking forfeiture of respondent Robert E. Siddens' 1991 Harley Davidson motorcycle (Ill. Rev. Stat. 1991, ch. 56½, par. 1676). The trial court denied the petition. The State appeals.

Initially, we note that Siddens has not submitted an appellee's brief. Nevertheless, since the record is simple and we can easily decide the disputed errors without an appellee's brief, we shall decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

At the hearing on the State's petition, Illinois State Police Investigator J. Gary Cooper testified that on July 26, 1991, he observed Steven Wessells driving the motorcycle in question. Cooper stopped and arrested Wessells because his driver's license had been revoked. During the subsequent search of Wessells' person, Cooper found 1.7 grams of cocaine. Later, the title to the motorcycle was found in a safe in the motel room that Wessells used as his residence. The title was in Robert E. Siddens' name. Cooper subsequently learned that Siddens had purchased the motorcycle for cash on June 13, 1991.

Sergeant Nathan Tillman Fry of the Fulton police department testified that he questioned Wessells on July 26, 1991, after Wessells was given his *Miranda* warnings. Wessells told Fry that he was holding Siddens' motorcycle as collateral for a cocaine debt Siddens owed him. According to Wessells, Siddens had purchased cocaine from him on July 25 and 26, 1991.

Fry further testified that while he interviewed Siddens, he told Siddens that Wessells had already told him why he had the motorcycle and about the cocaine debt. Siddens admitted that Wessells was hold-

ing his motorcycle for two "eight balls" of cocaine worth $320. Siddens also admitted that Wessells had once left Siddens' residence on Siddens' motorcycle to get an additional eight ball of cocaine for him. Fry further testified that Siddens first told him that Wessells returned on Siddens' motorcycle with a third quantity of cocaine, but later told Fry that Wessells had returned on another motorcycle to deliver the cocaine. Siddens stated that his total debt for the cocaine was $420.

At the hearing, Siddens testified that he gave Wessells the motorcycle as collateral for the cocaine debt. He stated that he was cooperative with Fry because Fry told him that he would try to help him keep his motorcycle. Siddens also admitted that he was serving a period of home confinement at the time that he made the cocaine purchases, but refused to admit that he was violating his confinement by being out of his home.

The trial judge subsequently dismissed the forfeiture petition, finding that the motorcycle was exempt from forfeiture under section 8 of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (Ill. Rev. Stat. 1991, ch. 56½, par. 1678(A)(i)). In his memorandum opinion the trial judge noted that Siddens himself had violated the law by possessing cocaine. However, the trial judge concluded that Siddens was not legally accountable for Wessells' conduct of possessing cocaine while committing a traffic offense. We note that the trial judge did not address the charge in this case which was based on Siddens' admission that he had allowed Wessells to hold the motorcycle as collateral for Siddens' $470 cocaine debt. The State appeals the trial judge's ruling.

■ The purpose of the Forfeiture Act is to provide for the attachment of property which is used or intended to be used in, or is attributable to, or facilitates the manufacture, sale, transportation, distribution, possession, or *use* of a substance in violation of the Controlled Substances Acts, in order to deter the abuse and trafficking of such substances. (Ill. Rev. Stat. 1991, ch. 56½, par. 1672.) The relevant portion of section 8 of the Forfeiture Act provides that personal property is exempt from forfeiture if its owner establishes by a preponderance of the evidence that he is not legally accountable for the conduct giving rise to the forfeiture, did not acquiesce in it, and did not know and could not reasonably have known of the conduct or that the conduct was likely to occur. (Ill. Rev. Stat. 1991, ch. 56½, par. 1678(A)(i).) On review, an appellate court will not reverse a trial court's order regarding forfeiture unless the ruling is against the

manifest weight of the evidence. *People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.

◼ In the instant case, we find that the trial judge's order was against the manifest weight of the evidence. The evidence at trial established that Siddens first gave his motorcycle to Wessells as collateral for his cocaine purchase. Siddens admitted that Wessells used the motorcycle to get cocaine for him, and perhaps deliver the cocaine to him as well. Moreover, Wessells told Fry that he had sold cocaine to Siddens on both the day before and the day of the arrest. Obviously, Siddens knew that Wessells was a drug dealer. Therefore, Siddens knew, or would have reasonably known, that Wessells would be likely to transport drugs while using Siddens' motorcycle and therefore acquiesced in and facilitated drug trafficking. Consequently, Siddens did not prove by a preponderance of the evidence that the motorcycle was exempt from forfeiture under the terms of the Forfeiture Act. Accordingly, we find that Siddens' motorcycle was subject to forfeiture and reverse the trial judge's order.

For the foregoing reasons, the judgment of the circuit court of Whiteside County denying the forfeiture petition is reversed.

Reversed.

HAASE, J., concurs.

JUSTICE SLATER, dissenting:
I respectfully dissent.

The majority finding that the trial judge's ruling is against the manifest weight is unwarranted. While Siddens gave the motorcycle to Wessels as collateral for a cocaine debt on July 25, that is not the basis for the forfeiture. The forfeiture is premised on Wessels' operation of the vehicle while in possession of 1.7 grams of cocaine on July 26. Wessells' possession of cocaine at that time was not part of his deliveries to Siddens.

A reasonable conclusion from the evidence in the case at bar is that Siddens did not acquiesce in, did not know or could not have reasonably known that Wessels would transport or be likely to transport drugs using Siddens' motorcycle. Siddens was, in my opinion, not legally accountable for Wessels' conduct giving rise to the forfeiture.

Accordingly, I would affirm the judgment of the circuit court of Whiteside County denying the forfeiture petition.